IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION FILE NO. 1:16-CV-261

| | | |
|---|---|---|
| EAGLES NEST OUTFITTERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CONSENT INJUNCTION |
| | ) | |
| MARK HARDEN, d/b/a "NATURE'S HANGOUT", | ) ) | |
| Defendant. | ) | |

THIS CAUSE coming before the undersigned; and it appearing to the Court that the parties hereto agree and consent to the entry of this Consent Injunction by the Court to resolve fully all disputes between them in this civil action; and that the parties' agreement and consent is evidenced by their endorsement hereon; and it further appearing to the Court that the parties have agreed to waive all findings of fact by the Court except as may be set forth herein. The Court hereby makes the following FINDINGS OF FACT:

1. ENO is a corporation properly organized and existing under the laws of the State of North Carolina.

2. MARK HARDEN, d/b/a NATURE'S HANGOUT ("NATURE'S HANGOUT") is an individual doing business as an entity identified as NATURE'S HANGOUT, with a principal place of business at 25 Snowline Norte, Cedar Crest, New Mexico 87008.

3. On August 2, 2016, ENO commenced a civil action against NATURE'S HANGOUT in the United States District Court for the Western District of North Carolina (Asheville Division), bearing Civil Action No. 1:16-CV-00261 (the "Lawsuit"), asserting, among

others, federal and state law claims seeking to recover damages from and injunctive relief against NATURE'S HANGOUT on theories of patent infringement of U.S. Design Patent No. D666,896 ("the ENO Design Patent"), U.S. Patent No. 9,003,579 ("the '579 Patent), and U.S. Patent No. 9,320,343 ("the '343 Patent") (together, "the Asserted Patents").

4. NATURE'S HANGOUT was served with copies of the Summons and Complaint on August 8, 2016.

5. To avoid the cost and commitment of time and resources associated with engaging in protracted and expensive litigation, the parties engaged in settlement negotiations to resolve this matter.

6. Pursuant to the Confidential Settlement Agreement entered into by the Parties, all things and matters in controversy between the Parties arising out of the matters which are the subject of the claims asserted in the Lawsuit and ENO's Complaint have been resolved, and this Consent Injunction is being entered on joint motion of the Parties.

7. As part of the Settlement Agreement, NATURE'S HANGOUT has acknowledged that the Asserted Patents are valid.

8. As part of the Settlement Agreement, NATURE'S HANGOUT has acknowledged that it has infringed the Asserted Patents.

9. As part of the Settlement Agreement, NATURE'S HANGOUT has acknowledged that ENO would be entitled to recover damages against NATURE'S HANGOUT for NATURE HANGOUT'S infringement of the Asserted Patents.

10. As part of the Settlement Agreement, NATURE'S HANGOUT has agreed to pay ENO a settlement sum.

WHEREFORE, based upon the foregoing findings of fact the Court makes the following CONCLUSIONS OF LAW and enters the following decree and judgment:

1. This action is properly before the Court and venue is proper.

2. The Court has personal jurisdiction over the parties and subject matter jurisdiction over the claims asserted in the Lawsuit.

3. Good cause exists for the entry of this Consent Injunction.

4. NATURE'S HANGOUT, acting individually or in concert with other people or entities or acting directly or indirectly, should be, and hereby is, restrained and enjoined, until the expiration of the Asserted Patents, from making, using, offering to sell, or selling, in the United States, any product that infringes the Asserted Patents, including the accused hammock straps. NATURE'S HANGOUT shall further request that any vendor selling, or offering to sell, one of the accused hammock straps that infringes on the Asserted Patents and that has been obtained, directly or indirectly, through or from NATURE'S HANGOUT, cease and desist from doing so.

5. With the signing of this Consent Injunction by the undersigned United States District Judge, this Consent Injunction shall become a decree of the Court on the date filed with the Clerk.

6. This Consent Injunction is enforceable by the contempt powers of the Court should any party to this action not comply with their terms.

7. The Parties are bound by and subject to all of the terms of this Order by the Court.

8. Except as provided in this Consent Injunction, all claims asserted in this civil action should be, and hereby are, dismissed with prejudice.

9. The parties are to pay their own costs related to this matter.

SO ORDERED this the 7 day of ~~September~~ October, 2016.

_____
United States District Judge Presiding

CONSENTED TO:

/s/ Dan Pick
Counsel for Mark Harden d/b/a Nature's Hangout

/s/ Derek J. Allen
Counsel for EAGLES NEST OUTFITTERS, INC.